Opinion issued June 23, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00163-CR




STERLING VASHON CRAWFORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 21,362




MEMORANDUM OPINION
          Appellant, Sterling Vashon Crawford, pleaded not guilty to the offense of
murder. The jury found him guilty and assessed punishment at 35 years in prison. 
Appellant presents ten points of error on appeal. In his first eight points of error
appellant asserts that the trial court erroneously admitted the hearsay testimony of
three witnesses and that the erroneous admissions violated his right to confront and
cross-examine witnesses under the U.S. Constitution. In his ninth and tenth points
of error, appellant challenges the legal and factual sufficiency of the evidence to
support his conviction. We affirm.BACKGROUND
          The victim, Keiderich DeWayne Gamble, was a drug dealer, and the principal
location of his drug business was in a condominium leased by his girlfriend and drug
supplier, Deborah Kinney. The condominium was referred to during testimony at
trial as “the Hot Spot.”
          Several months before the murder, according to the testimony of Bernard
Willis, Gamble met appellant at a gas station. Willis testified that Gamble told him
that appellant offered to buy three kilos of cocaine and that Gamble asked Willis if
he should do business with appellant. Willis stated that he told Gamble not to do
business with appellant, but that Gamble later told Willis that he had acquired the
three kilos of cocaine to sell to appellant.
          LaTarsha Gamble, the victim’s wife, testified that Gamble received a phone
call from appellant in the early morning hours of Friday, December 14, 2001. 
LaTarsha stated that Gamble asked appellant if he was “ready” and told appellant that
he was going to go to “the Hot Spot.” Kinney, Gamble’s girlfriend, testified that
Gamble left the condominium later that day, saying he was going to appellant’s
residence. Kinney stated that Gamble asked her to call him on his cell phone in thirty
minutes if he did not call her first. Kinney testified that Gamble called her within
thirty minutes time and told her that he was “where I told you I was goin’ to be.” 
          The next day, Saturday, December 15, 2001, a group of hunters found a badly
burned body, later identified as that of Gamble, lying beside a dirt road in a rural area. 
It is uncontested that Gamble had been shot in the neck at a downward angle going
from left to right; he had been shot again in the back with the bullet exiting through
his chest; and the body was later placed where it was found and set on fire. 
          On Sunday, December 16, 2001, Gamble’s family reported him missing. On
Tuesday, December 18, 2001, appellant gave a voluntary statement to investigators



in which he asserted that his residence address in Huntsville was 21 Pine Breeze. 
Sergeant Steve Fisher, with the Walker County Sheriff’s Department, testified that
appellant failed to inform investigators that he, in fact, lived at a different address in
Huntsville on Ross McBride Road. A search of appellant’s home on Ross McBride
Road produced the following evidence, which was admitted at trial and is not
challenged by appellant: three drops of Gamble’s blood on an interior wall; a hole in
an interior wall that was hidden behind a hanging picture and was consistent with a
hole made by a bullet traveling downward from left to right; a freshly painted
hallway; a second hole in the floor of a hallway, from which carpet had been
removed, near where Gamble’s blood was found; burned carpet in the front yard of
the residence; and two burned cell phones, one consistent with a model Gamble used,
which were found with the burned carpet.
          Uncontested testimony at trial established that tire marks from the location
where Gamble’s body was found were left by Nitto 404 Extreme tires, and that, the
Monday after the murder, appellant took a truck he regularly drove to a Discount Tire
store and had Nitto 404 Extreme tires removed and replaced with another brand.DISCUSSION
A.      Hearsay statements
          In his first eight points of error, appellant asserts that the trial court erred by
allowing LaTarsha, Kinney, and Willis to testify about hearsay statements and that
this erroneously admitted hearsay testimony violated his right under the sixth
amendment to the U.S. Constitution to confront and cross-examine the witnesses
against him. See U.S. Const. amend. XI. 
 
          1.       Standard of Review

          Whether an out-of-court statement is admissible under an exception to the
hearsay rule is a matter within the trial court’s discretion. Zuliani v. State, 97 S.W.3d
589, 595 (Tex. Crim. App. 2003). We will reverse only if the trial court’s decision
to admit testimony is “so clearly wrong as to lie outside the zone within which
reasonable persons might disagree.” Id. A defendant’s right to confront and cross-examine the witnesses against him under the U.S. Constitution’s Sixth Amendment’s
confrontation clause is not implicated if a hearsay statement is non-testimonial in
nature and bears adequate indicia of reliability. Woods v. State, 152 S.W.3d 105,
113–14 (Tex. Crim. App. 2004) (citing Crawford v. Washington, 541 U.S. 36, 124
S. Ct. 1354 (2004)). Statements that are testimonial in nature include “prior
testimony at a preliminary hearing, before a grand jury, or at a former trial; and [to]
police interrogation” and do not include casual remarks made spontaneously to
acquaintances. Id. at 114 (internal quotation marks omitted). If the statement in
question falls within a firmly rooted hearsay exception, reliability can be inferred and
is even found to be per se reliable for Confrontation Clause analysis. Guidy v. State,
9 S.W.3d 133, 149 (Tex. Crim. App. 1999); see also Crawford, 124 S. Ct. at 1372–74
(suggesting that otherwise reliable non-testimonial hearsay falls outside scope of
Sixth Amendment’s Confrontation Clause).
          2.       Testimony of Latarsha Gamble
In his first point of error, appellant argues that the trial court erred in allowing
LaTarsha to testify that Gamble asked appellant over the telephone, “Are you ready,”
and told appellant, “Let me get up from here and go over to the Hot Spot.” The State
argues that the question, “Are you ready?” is not a statement asserting the truth of the
matter stated therein and is not hearsay. We agree. See Tex. R. Evid. R. 801(c); see
also Smith v. State, 779 S.W.2d 417, 429 (Tex. Crim. App. 1989) (holding that
testimony regarding question asked by police officer was not hearsay because it
“merely related the content of a question”). We also agree with the State’s argument
that Gamble’s statement that he was going to leave the home he shared with his wife
and go to the condominium was a statement of intent and was admissible as an
exception to the hearsay rule under rule 803(3). See Tex. R. Evid. 801(c); see also
Trostle v. State, 588 S.W.2d 925, 929 (1979) (hearsay testimony admissible as
explanation by deceased of plan to meet accused); Miller v. State, 753 S.W.2d 473,
477 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (same). 
          We overrule appellant’s first point of error.
          In his third point of error, appellant argues that the trial court erred in allowing
LaTarsha to testify about a statement made by appellant’s mother. LaTarsha testified
that she received a phone call from appellant’s sister on late Sunday night or in the
early hours of Monday morning, after she had been told that a body with identifiable
marks similar to her husband’s had been discovered, but before the body was
officially identified. LaTarsha said that appellant and his mother also participated in
the phone call and that, when appellant told her that he was not responsible for her
husband’s murder, his mother tried to “talk over” appellant, saying to him “Vashon,
Vashon, we don’t know who the body belongs to yet. Everybody needs to stop
saying its Keiddy [Gamble] before we actually know.” Appellant contends that this
is hearsay because appellant’s mother’s statement was offered to assert the truth of
the matter it asserts; namely, that the body had not, at the time of the telephone
conversation, been officially identified as that of Gamble. We note, however, that
other evidence, not challenged by appellant, clearly established that the body was in
fact not identified until after the time LaTarsha indicated that appellant’s mother
made the statement. “[A] defendant who allows evidence to be introduced from one
source without objection forfeits any subsequent complaints about the introduction
of the same evidence from another source.” Reyes v. State, 84 S.W.3d 633, 638 (Tex.
Crim. App. 2002). Thus, even if appellant’s mother’s statement “was hearsay, any
error was not preserved because the same substantive evidence was elsewhere
introduced without objection.” See id. (overruling issue challenging admission of
hearsay statement because content of hearsay statement “had already been made
known to the jury”).
          We overrule appellant’s third point of error. 
          3.       Testimony of Kinney
          In his fifth point of error, appellant argues that the trial court erred in allowing
Kinney to testify about the following three statements made by Gamble: (1) “I’m
fixing to go meet Sterling”; (2) “If I don’t call you back in thirty minutes, call me”;
and (3) “I am where I told you I was goin’ to be.” 
          The State argues that all three of these statements were properly admitted into
evidence under exceptions to the hearsay rule. We agree. Gamble’s first and second
statements, that he intended to meet with appellant and intended to call Kinney within
thirty minutes, were admissible as a statement of intent under rule 803(3) of the Texas
Rules of Evidence. See Tex. R. Evid. 803(3). His third statement, explaining that he
had arrived at appellant’s residence, was admissible as his present sense impression
under rule 803(1) of the Texas Rules of Evidence. See Tex. R. Evid. 803(1). 
          We overrule appellant’s fifth issue.
          4.       Testimony of Willis
          In his seventh point of error, appellant argues that the trial court erred in
allowing Willis to testify regarding statements made by Gamble to Willis about his
plan to acquire and sell three kilos of cocaine to appellant. The State argues that the
statements where admissible as statements against interest. See Tex. R. Evid.
803(24). We agree with the State. See Woods, 152 S.W.3d at 113–14 (holding that
statement was reliable because remarks were spontaneously made to acquaintance,
before crime was committed, and State’s evidence provided independent
corroborative facts). The statements that, according to Willis, Gamble made were
self-inculpatory and corroborating circumstances indicated their trustworthiness. 
Willis’s testimony established that Gamble made these statements spontaneously to
him and that Willis was a stranger to the contemplated transaction. It is clear that, at
least at the time he made the statements to Willis, Gamble had not yet sold the
cocaine to appellant. Furthermore, evidence presented by the State at trial of the
continued interaction between appellant and Gamble provides corroborating
circumstances sufficient to indicate that appellant and Gamble were planning a drug
transaction. The statements were, thus, admissible as statements against interest
under rule 803(24) of the Texas Rules of Evidence. See Woods, 152 S.W.3d at
113–14.
          We overrule appellant’s seventh point of error.
          5.       Confrontation Clause
          In his second, fourth, sixth, and eighth points of error, appellant contends that
the introduction of inadmissible hearsay statements violated his right to confront and
cross-examine the witnesses against him. We have concluded, in appellant’s first,
third, fifth, and seventh points of error, that the statements were not inadmissible
because the statements were either not hearsay at all or were grounded in firmly
rooted hearsay exceptions or because any error was not preserved. The challenged
statements are non-testimonial in nature and bore the required adequate indicia of
reliability; thus, appellant’s rights under the Confrontation Clause are not implicated. 
See Woods, 152 S.W.3d at 113-14; see also Guidry v. State, 9 S.W.3d 133, 149 (Tex.
Crim. App. 1999).
          We overrule appellant’s second, fourth, sixth, and eighth points of error.
B.      Factual and legal sufficiency
          In his ninth and tenth points of error, appellant challenges the legal and factual
sufficiency of the evidence. In reviewing legal sufficiency, we view the evidence in
the light most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979);
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In a factual sufficiency
review, we view all the evidence in a neutral light, and we will set the verdict aside
only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust,
or the contrary evidence is so strong that the standard of proof beyond a reasonable
doubt could not have been met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim.
App. 2004), cert. denied, __ U.S. __, 125 S. Ct. 1697 (2005); see also Zuniga v. State,
144 S.W.3d 477, 481 (Tex. Crim. App. 2004). We should not substitute our own
judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.
App. 1996). 
          The jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to be given to the witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661,
671 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all,
some, or none of any witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986). A jury decision is not manifestly unjust merely because the jury
resolved conflicting views of evidence in favor of the State. Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997). 
          The testimony of LaTarsha and Kinney and evidence of numerous phone calls
between appellant and Gamble before the murder supports a conclusion that appellant
and Gamble planned to meet, and did meet, at appellant’s residence on the day of the
murder. The physical evidence at appellant’s residence included Gamble’s blood and
holes in the wall and floor that were consistent not only with bullet holes, but also
with unchallenged testimony establishing the trajectory of the bullets that caused
Gamble’s gunshot wounds and death. This evidence also supports a finding that
Gamble was present at appellant’s residence and additionally supports a finding that
Gamble was shot to death while at appellant’s residence. The jury also had before
it unchallenged testimony about the destruction of carpet from the hallway of
appellant’s residence, testimony that the hallway was freshly painted, testimony that
a picture had been hung over the hole in the wall of appellant’s residence near where
Gamble’s blood was found, and testimony regarding the destroyed cell phones. 
Finally, unchallenged testimony that Nitto 404 Extreme tire tracks were observed at
the location where Gamble’s body was found, together with unchallenged testimony
that appellant removed, on the next business day after the murder, that brand of tires
from a vehicle he regularly drove, supports a finding placing appellant at the location
where Gamble’s body was discovered. 
          Viewing the evidence in the light most favorable to the prosecution, we hold
that a rational trier of fact could have found, beyond a reasonable doubt, that
appellant was guilty of murder as charged. Viewing all the evidence in a neutral
light, we hold that the evidence is not so weak that the verdict is clearly wrong and
manifestly unjust, nor is the contrary evidence so strong that the standard of proof
beyond a reasonable doubt could not have been met. 
          We overrule appellant’s ninth and tenth points of error. 
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Do Not Publish. Tex. R. App. P. 47.2(b).